Santiago Boscio, demandante y apelante, *v.* Junta Examinadora de Contadores Públicos, compuesta de los Señores F. G. Holcomb, A. W. Peterson y Antonio Hernández, demandada y apelada.

No. 4880.—*Sometido:* Junio 18, 1929. *Resuelto:* Julio 26, 1929.

* Véase el prefacio.

*D. Pellón Jr.* y *A. Ayuso,* abogados del apelante; *Hon. Attorney General James R. Beverley,* y *P. Cordovés Arana, Sub-Procurador,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Santiago Boscio solicitó de la Corte de Distrito de San Juan que librara un auto de mandamus contra la Junta de Contadores Públicos de Puerto Rico para que sin pretexto ni demora alguna le expidiera un diploma de "certified public accountant," sin necesidad de examen.

La corte ordenó el libramiento del auto en forma condicional. La junta contestó. Formuláronse otras alegaciones por las partes y finalmente, después de practicada la prueba, la corte dictó sentencia declarando sin lugar la petición.

No conforme Boscio interpuso el presente recurso de apelación señalando en su alegato cuatro errores.

Para formar un concepto exacto de la que consideramos que es en verdad la única cuestión a estudiar y decidir, esto es, la de si bajo las circunstancias que concurren está justificada la intervención de una corte de justicia por medio de un auto de *mandamus,* parece conveniente transcribir una parte de la relación del caso y opinión en que se basó la sentencia recurrida. Dice así:

"La Ley No. 42, creando la Junta Examinadora de Contadores, aprobada el 13 de marzo de 1927, en su Artículo 8 establece lo siguiente:

" 'La junta eximirá de examen a cualquier persona de buena conducta moral, que sea ciudadano de Puerto Rico y esté en posesión de sus derechos civiles, que tenga más de 21 años de edad, y que haya practicado por no menos de 5 años con anterioridad a la aprobación de esta ley, como contador, jefe de contabilidad o auditor con alguna o varias firmas o corporaciones de reconocida importancia a

juicio de la junta o con el Gobierno Insular o con municipios de primera clase, o que haya ejercido por no menos de 5 años como contador público o profesor de contabilidad avanzada, y que presente su solicitud a la Junta Examinadora de Contadores dentro de los 6 meses siguientes a la fecha en que entre en vigor esta ley, acompañando los derechos que dispone el artículo 5, así como también los documentos necesarios que acrediten su derecho a que se le exima de examen de acuerdo con las disposiciones de este artículo.'

''Santiago Boscio Reichard, aquí peticionario, presentó en 9 de febrero, 1928, a la Junta Examinadora de Contadores, previo pago de los derechos correspondientes, una petición solicitando exención de examen para la obtención del certificado de Contador Público Autorizado (*certified public accountant*), y en cuya petición, que está jurada, alegaba ser ciudadano de Puerto Rico, de buena conducta moral, estar en posesión de sus derechos civiles, con más de 21 años de edad y haber practicado por más de 5 años con anterioridad al 13 de marzo, 1927, como contador y jefe de contabilidad de varias firmas, organismos del gobierno y corporaciones de reconcida importancia en el mundo de los negocios. Acompañó prueba, consistente en declaraciones juradas de Eduardo Frontera, Domingo Soto Rodríguez y Bartolomé Alcover, de 13 de enero de 1928; de Ernesto Rubio López, de 21 de enero, 1928; de José García Abréu, de 20 de enero, 1928; Ramón Montaner, Presidente de la Comisión de Indemnizaciones a Obreros, de 10 de febrero, 1928; César A. Borri de la firma Carvajal, Borri & Co., de 9 de febrero, 1928; Ramón Añeses, de enero, 1928; Fernando Yumet, de enero 13, 1928, e Ignacio Lomba, de 9 de febrero, 1928. La junta consideró la petición y la prueba aducida, y en 30 de marzo, 1928, denegó la solicitud por no reunir el peticionario los requisitos que señala la ley. El peticionario presentó solicitud de reconsideración, de la cual se le acusó recibo con fecha 26 de abril, 1928, acompañando nueva declaración jurada de Ignacio Lomba, de la firma M. Lamadrid & Co. de fecha 24 de abril, 1928, y la junta, en sesión de 9 de mayo, acordó investigar por conducto de su secretario la importancia de la firma Carvajal Borri & Co., de San Juan, el tiempo que el solicitante había estado empleado y los cargos que había ocupado en ella, y el secretario pidió al peticionario que suministrara esa prueba, en la forma parecida a la que presentó con su petición de reconsideración con respecto a la firma de M. Lamadrid & Co. (declaración de 24 de abril

1928), pero el peticionario no suministró esa prueba sino que, en carta de 12 de mayo, 1928, solicitó que se le devolviera toda la documentación que había presentado para proceder como correspondiera, y la Junta así lo hizo, en mayo 16, 1928, aunque conservó en su poder la referida declaración de Ignacio Lomba, de 24 de abril, 1928.

·"  *          *          *          *          *          *          *

"Examinada cuidadosamente la prueba aportada a la junta por el peticionario, con su solicitud de 9 de febrero, 1928, no aparece demostrado en verdad la importancia de las firmas o corporaciones con quienes ha trabajado el peticionario durante los 5 años que la ley requiere. Ese fué el fundamento de la negativa, según declaró el testigo Antonio R. Hernández, Secretario de la Junta. No actuó ella arbitrariamente, sin justificación alguna y con propósitos egoístas, como alega el peticionario. Parece que las declaraciones presentadas debieron ser más específicas, detallando el capital de las firmas o corporaciones, líneas a que se han dedicado, el tiempo que con dichas firmas estuvo empleado el peticionario y los puestos desempeñados, como se solicitó del en la carta respecto a la firma de M. Lamadrid & Co., en que se amplió la declaración de Ignacio Lomba, relacionando los negocios en general a que se dedica, su inscripción en el registro mercantil, afiliación a la Cámara de Comercio, capital en movimiento que asciende a más de un millón de dólares por año, depósitos de los bancos, contribuciones pagadas, todo lo cual tiende a demostrar su importancia en el mundo de los negocios. Pero esta declaración no fué considerada por la junta, porque parece que se esperaba hacerlo cuando el peticionario le suministrara los datos pedidos con respecto a la firma Carvajal Borri & Co.

"En 9 de mayo, 1928, la junta admitió la petición de reconsideración, que iba acompañada de la referida declaración de Ignacio Lomba, de 24 de abril, 1928, y ordenó a su secretario que investigara la importancia de la firma Carvajal Borri & Co., mencionada en la solicitud original, y parece a la Corte que de hecho reconsideró así el caso y lo abrió de nuevo, y aun cuando el peticionario pidió que se le devolvieran los documentos para proceder como correspondiera, y la junta así lo acordó, esto no cerró el caso, pues nada más dijo en su decisión y conservó en su poder la petición original, la de reconsideración y la declaración ampliada de Ignacio Lomba, que no llegó a considerar, de abril 24, 1928. El caso está abierto y puede considerarse de nuevo por la junta si el peticionario comparece y su-

ministra toda la prueba necesaria demostrativa de su derecho, y se hace por el secretario la investigación ordenada. La petición de reconsideración no está denegada, pues hubo meramente un desglose de parte de la prueba.

"Pero aun cuando estuviera cerrado, como dijo el secretario en su declaración, lo que no resulta del acuerdo, como la petición original fué presentada dentro de término, puede la junta, en bien de la justicia, abrirlo de nuevo, considerar la prueba en su poder, o sea la declaración de Ignacio Lomba, de 24 de abril, 1928, y permitir al peticionario, ya que parece hubo error o inadvertencia de su parte al retirar los documentos sin esperar la resolución en reconsideración, la práctica de prueba adicional, y luego resolver la petición, como en justicia proceda."

No hay duda alguna que se trata de un caso fuerte por parte del peticionario, que quizá no fué considerado con la debida atención desde el principio por la junta, pero creemos que la actitud del peticionario al acudir a las cortes no estaba aún justificada.

La ley impone a la junta una grave responsabilidad y la junta está justificada en practicar la investigación más completa que sea posible para cerciorarse de si la persona que solicita el diploma sin examen reúne las condiciones que la ley exige. Y nada encontramos en los autos que demuestre que la junta se extralimitara en sus funciones. El proporcionar datos sobre una firma que hacía algunos años había cesado en sus negocios, no es exigir una imposibilidad como sostiene el apelante.

El *mandamus* es un recurso extraordinario y altamente privilegiado y las cortes solamente están justificadas en expedirlo cuando los hechos demuestran que es necesario en verdad. Cuando el peticionario llamó a las puertas de la corte en solicitud de justicia, las de la junta no se le habían cerrado por completo para obtenerla. Y a ellas debe volver a llamar si persiste en sus propósitos, siguiendo el curso ordinario de las cosas.

*Debe confirmarse la sentencia apelada.*